Filed
13 January 22 P1:57
Patsy Perez
District Clerk
Nueces District

CAUSE NO. _2013CCV-60115-2_

| | | |
|---|---|---|
| CANYON SUPPLY & LOGISTICS, LLC, | § § § | IN THE COUNTY COURT |
| Plaintiff, | § § § | |
| v. | § § | |
| MAX FINANCIAL, LLC, in its assumed or common name; WALLER MARINE, INC. in its assumed or common name; DIVERSITY MAX, LLC, in its assumed or common name; DIVERSITY MAX CANYON PORT, LLC, in its assumed or common name; DIVERSITY MAX CP HOLDINGS, LLC, in its assumed or common name; JEFFREY GREENWALT; and, DAVID WALLER; | § § § § § § § § § § § § | AT LAW NO. _2_ |
| | § | NUECES COUNTY, TEXAS |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Canyon Supply & Logistics, LLC, files this its Original Petition, and in support thereof, would respectfully show as follows:

### I. DISCOVERY TRACK

1.    Plaintiff pleads that this case should be assigned to Discovery Track 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed order or other court order to this effect.

EXHIBIT
C

## II. PARTIES

A.    Plaintiff

2.1    Plaintiff Canyon Supply & Logistics, LLC is a limited liability company with its place of business at 5005 Riverway Drive, Suite 250, Houston, Texas 77056. Canyon Supply & Logistics, LLC's membership is comprised of Texas citizens. Canyon Supply & Logistics, LLC will be referred to herein as either Canyon or Plaintiff.

B.    Defendants

2.2    Defendant Max Financial, LLC  is purportedly an Indiana limited liability company incorporated in a state other than Texas.  Defendant Max Financial, LLC in its assumed or common name, conducts business in this state but has not designated or maintained a registered agent in Texas.  Accordingly, the Texas Secretary of State is the statutory agent for Defendant Max Financial, LLC in its assumed or common name.  Said defendant may be served through the Texas Secretary of State, 1019 Brazos, Room 220, Ruders Building, Austin, Texas 78701. The Secretary of State may forward information to the registered agent and officer of Max Financial, LLC in its assumed or common name, – E. Scott Treadway, 11805 N. Pennsylvania Street, Carmel, Indiana, 46032. This defendant is sued in its assumed or common name as well.

2.3    Defendant Waller Marine, Inc. ("Waller") is a corporation with its principal place of business in Texas who may be served with service of process under the law by serving its registered agent – David B. Waller, 14410 West

Sylvanfield, Houston, Texas 77014. This defendant is sued in its assumed or common name as well.

2.4    Defendant Diversity Max, LLC is an Indiana limited liability company. Defendant Diversity Max, LLC conducts business in this state but has not designated or maintained a registered agent in Texas. Accordingly, the Texas Secretary of State is the statutory agent for Defendant Diversity Max, LLC. Said defendant may be served through the Texas Secretary of State, 1019 Brazos, Room 220, Ruders Building, Austin, Texas 78701. The Secretary of State may forward information to the registered agent and officer of Diversity Max, LLC in its assumed or common name, – EST LAW, 11805 N. Pennsylvania Street, Suit 103, Carmel, Indiana, 46032. This defendant is sued in its assumed or common name as well.

2.5    Defendant Diversity Max Canyon Port, LLC is a limited liability company registered in a state other than Texas. Defendant Diversity Max Canyon Port, LLC in its assumed or common name, conducts business in this state but has not designated or maintained a registered agent in Texas. Accordingly, the Texas Secretary of State is the statutory agent for Defendant Diversity Max Canyon Port, LLC. Said defendant may be served through the Texas Secretary of State, 1019 Brazos, Room 220, Ruders Building, Austin, Texas 78701. The Secretary of State may forward information to the registered agent and officer of Diversity Max Canyon Port, LLC – E. Scott Treadway, 11805 N. Pennsylvania Street, Carmel, Indiana, 46032. Defendant Diversity Max Canyon Port, LLC was formerly known as Waller Max Gas, LLC. To the extent Waller Max Gas, LLC underwent an unknown

entity change or transformation, then Plaintiff affirmatively pleads that Defendant Diversity Max Canyon Port, LLC is liable under principles of successor liability. This defendant is sued in its assumed or common name as well.

2.6     Defendant Diversity Max CP Holdings, LLC is a limited liability company registered in a state other than Texas. Defendant Max CP Holdings, LLC conducts business in this state but has not designated or maintained a registered agent in Texas. Accordingly, the Texas Secretary of State is the statutory agent for Defendant Max CP Holdings, LLC.  Said defendant may be served through the Texas Secretary of State, 1019 Brazos, Room 220, Ruders Building, Austin, Texas 78701. The Secretary of State may forward information to the registered agent and officer of Diversity Max CP Holdings, LLC – E. Scott Treadway, 11805 N. Pennsylvania Street, Suite 163, Carmel, Indiana, 46032. This defendant is sued in its assumed or common name as well.

2.7     Defendant Waller Max Gas, LLC is a Texas limited liability company who may be served with service of process under the law by serving its registered agent – David B. Wallace, 14410 W. Sylvanfield Drive, Houston, Texas 77014. This defendant is sued in its assumed or common name as well.

2.8     Defendant Jeffrey Greenwalt is an individual residing in Indiana who may be served with service of process under the law by serving him at his place of business – 815 East 65th Street, Suite 200, Indianapolis, Indiana, 46220.

2.9   Defendant David Waller is an individual residing in Texas who may be served with service of process under the law by serving him at his place of business – 14410 West Sylvanfield, Houston, Texas 77014.

2.10   All above-named Defendants are hereinafter referred to as Defendants.

### III. VENUE

3.1   Venue is proper in Nueces County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Nueces County, Texas. Pleading more specifically, many of the actions or omissions which constitute Defendants' culpable conduct in this matter took place in or were directed towards Nueces County. Furthermore, a substantial portion of the unique real estate that was to be acquired by Plaintiff and funded in part by Defendants – the Naval Air Station Ingleside – is located in Nueces County.

3.2   The Court has personal jurisdiction over all Defendants because each Defendant has specifically targeted the State of Texas in its business transactions — both generally and specific to this lawsuit -- such that the Court has specific and general personal jurisdiction over all Defendants.

### IV. FACTUAL ALLEGATIONS AND BACKGROUND

4.1   The Department of Defense on or around 2005 made the decision to shut down The Naval Air Station at Ingleside, Texas. The base is uniquely located in South Texas along the coast with important access to substantial oil and gas operations and oil and gas refineries. The base was one of the country's most modern military facilities, largely built in the early 1990s. The Port of Corpus

Christi Authority obtained control of the Naval Air Station on or around April of 2010.

4.2    Plaintiff entered into a deal with the Port of Corpus Christi Authority to acquire approximately 187 acres of the former naval base for future operations and endeavors in the oil and gas industry, with an option to purchase the base's remaining 193 acres (approximately) and a second option to purchase the adjacent 435 acres of undeveloped port property.

4.3    Defendants agreed to fund a portion of the purchase of the Naval Air Station Ingleside, including providing financing to Plaintiff in the approximate amount of $25,000,000.00. The stated purpose of the loan was for the "purchasing and developing of the former Naval Station Ingleside military base." The deal would have secured approximately 187 acres of the former naval base for unique development of the property for operations in the lucrative oil and gas industry.

4.4    Defendants, including Greenwalt, represented that Defendants would provide the financing from a European private investor. Greenwalt made multiple public and private representations regarding the agreement and commitment of the Defendants to provide financing that were demonstrably false. As time wore on and the financing had still not materialized, Defendants continued to falsely represent material facts about funding the deal and mislead the Plaintiff.  For example, Greenwalt publicly stated, "There's no wavering on the investment or commitment." And then Defendants thereafter failed to fund the real estate closing. Relying on Defendants' material, false representations, Plaintiff made nonrefundable

payments of $1,000,000, $70,000 and $110,000 towards the property purchase, invested millions of additional dollars in reliance on the financing promised by the Defendants, did not pursue other funding options as Plaintiff was repeatedly reassured that the Defendants would provide the funding, and ultimately and actually "dry closed" on the property after being reassured that funding was imminent.

4.5     On January 16, 2012, the Port of Corpus Christi terminated Plaintiff's contract to purchase the Naval Air Station Ingleside as a result of the Defendants' failure to fund. Specifically, the Port of Corpus Christi canceled Plaintiff's contract citing missed payment deadlines and its failure to pay the $20 million down payment. This is the down payment that Defendants agreed to provide.

4.6     In or around November 2012, the Port of Corpus Christi sold the Naval Station Ingleside for $82.1 million to Occidental Petroleum Corp.

## V.  CAUSES OF ACTION AGAINST ALL DEFENDANTS

A.     Breach of Contract

5.1     Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

5.2     Plaintiff and Defendants were parties to contracts which the Defendants breached through their actions in failing to fund the purchase of the Naval Air Station Ingleside.

5.3    Plaintiff performed, tendered performance of, or was excused from performing his contractual obligations as to each such contract. However, by and through the conduct, acts and omissions alleged herein, Defendants breached material express and implied terms of each such contract, which breaches were a producing, direct and proximate cause of injury and damages to Plaintiff.

5.4    The breaches of contract alleged herein by and through the course of action, conduct, acts, and omissions alleged were a direct, producing and proximate cause of injury and damages to Plaintiff. Such breaches were a substantial factor in bringing about injury and damages to Plaintiff, without which the injury and damages would not have occurred. Moreover, a person of ordinary intelligence would have foreseen that the injury and damages alleged herein might result from the breaches of contract alleged herein.

B.    Fraud

5.5    Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

5.6    By the course of action, conduct, acts, and omissions alleged, Defendants made material false representations and misrepresentations to Plaintiff about the funding of the Naval Air Station Ingleside purchase, among other material false representations and misrepresentations.

5.7    Defendants made these representations and misrepresentations with knowledge of their falsity and/or made them recklessly, as a positive assertion,

without knowledge of their truth. These false representations and misrepresentations were made with the intention that they be relied and acted upon by Plaintiff in its decisions concerning the purchase, closing and acquisition of the Naval Air Station Ingleside. Plaintiff relied on the representations and misrepresentations and thereby suffered injury and damages.

5.8    As a producing, direct and proximate cause of the fraud by Defendants, Plaintiff suffered injury and damages for which it seeks to recover in this suit. Had Defendants not perpetrated a fraud, Plaintiff would not have incurred substantial losses and would not have lost its opportunity to purchase the unique and valuable Naval Air Station Ingleside. This includes its plan to use the Naval Air Station Ingleside as a liquefied natural gas plant, which Defendants were aware was one of the purposes of obtaining the Naval Air Station Ingleside. Had Defendants not committed such a fraud, Plaintiff would have closed on the Naval Air Station Ingleside and turned a significant profit in its development as a liquefied natural gas plant and other planned development.

5.9    The course of action, conduct, acts, and omissions alleged constituted a fraud upon Plaintiff, and were a direct, producing and proximate cause of injury and damages to Plaintiff. Such fraud was a substantial factor in bringing about injury and damages to Plaintiff, and without such fraud, the injury and damages would not have occurred. Moreover, a person of ordinary intelligence would have foreseen that the injury and damages alleged herein might result from the fraud.

C.    Fraud by Nondisclosure and Fraudulent Inducement

5.10    Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

5.11    At all material times, Defendants had a special relationship with Plaintiff and therefore had a duty to disclose material facts to Plaintiff.    By the course of action, conduct, acts, and omissions alleged, Defendants concealed from or failed to disclose material facts to Plaintiff within its knowledge. Defendants were deliberately silent when they had a duty to speak. Defendants knew that Plaintiff did not know the facts and did not have an equal opportunity to discover the facts. Defendants intended to and did fail to disclose material facts and/or conceal material facts. Plaintiff relied on the failure to disclose to its detriment, and Plaintiff suffered injury as a result of acting without knowledge of the undisclosed facts.

5.12    Had Defendants not perpetrated a fraud by nondisclosure, Plaintiff would not have lost out on the Naval Air Station Ingleside and would have closed on the sale and turned its interest in the Naval Air Station Ingleside into additional substantial value and money.

5.13    The course of action, conduct, acts, and omissions alleged constituted a fraud by nondisclosure upon Plaintiff, and were a direct, producing and proximate cause of injury and damages to Plaintiff. Such fraud by nondisclosure was a substantial factor in bringing about injury and damages to Plaintiff, and without

such fraud by nondisclosure, the injury and damages would not have occurred. Moreover, a person of ordinary intelligence would have foreseen that the injury and damages alleged herein might result from the fraud by nondisclosure.

D.    <u>Statutory Fraud</u>

5.14    Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

5.15    Defendants are also liable to Plaintiff for statutory fraud pursuant to Texas Business & Commerce Code § 27.01. At all material times, the transactions in question involved both real estate and/or stock.  Throughout the transactions complained of herein, and by and through the acts, omissions, conduct and misconduct alleged herein, Defendants made material false misrepresentations of fact, made false promises and/or benefited by not disclosing material representations that were false that concerned or related to the purchase of the Naval Air Station Ingleside. Plaintiff relied on the false representations or promises and suffered injury and damages as a result of such reliance.

5.16    Had Defendants not perpetrated a statutory fraud pursuant to Texas Business & Commerce Code § 27.01, Plaintiff would have closed on the Naval Air Station Ingleside and/or turned its interest into additional substantial value and money.

5.17    The course of action, conduct, acts, and omissions alleged constituted statutory fraud pursuant to Texas Business & Commerce Code § 27.01 upon

Plaintiff, and were a direct, producing and proximate cause of injury and damages to Plaintiff. Such statutory fraud pursuant to Texas Business & Commerce Code § 27.01 was a substantial factor in bringing about injury and damages to Plaintiff, and without such statutory fraud pursuant to Texas Business & Commerce Code § 27.01, the injury and damages would not have occurred. Moreover, a person of ordinary intelligence would have foreseen that the injury and damages alleged herein might result from the statutory fraud pursuant to Texas Business & Commerce Code § 27.01.

## VI.  AIDING AND ABETTING

6.1     Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

6.2     By the course of conduct, acts and omissions alleged herein, Defendants intentionally aided and abetted one another, by assisting and participating with, and by assisting or encouraging each other to commit one or more individual torts as alleged herein.

6.3     By the course of conduct, acts and omissions alleged herein, Defendants also intentionally aided and abetted, by assisting and participating with, and by assisting or encouraging each other in the civil conspiracy alleged herein.

6.4     Upon information and belief, with respect to assisting or encouraging, the primary actor committed a tort as alleged herein, and all Defendants (a) had

Plaintiff's Original Petition
Page 12

knowledge that the primary actor's conduct constituted a tort; (b) had the intent to assist the primary actor in committing the tort; (c) gave the primary actor assistance or encouragement; and (d) their assistance or encouragement was a substantial factor in causing the tort.

6.5.   Upon information and belief, with respect to assisting and participating, (a) the primary actor's activity accomplished a tortious result as alleged herein, and Defendants (a) provided substantial assistance to the primary actor in accomplishing the tortious result; (b) their own conduct, separate from the primary actor's conduct, was a breach of duty to Plaintiff; and (c) their participation was a substantial factor in causing the tort.

6.6.   As an aider-and-abettor, Defendants are jointly and severally liable for their intentional torts as further alleged herein.

## VII.  CIVIL CONSPIRACY

7.1   Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

7.2   At all material times, Defendants were members of a combination of two or more persons, including, without limitation, as amongst themselves.

7.3   By the facts, acts, and omissions alleged herein, the objective of the combination was to accomplish an unlawful purpose and/or to accomplish a lawful purpose by unlawful means, the members of the combination had a meeting of the minds on the object or course of action, and at least one or more of the members, as

alleged herein, committed an unlawful, overt act to further the object or course of action.

7.4     Plaintiff suffered injury and damages as a direct and proximate result of the wrongful act.  The civil conspiracy alleged herein, and the individual predicate misconduct, wrongful acts and omissions alleged, were a direct, producing and proximate cause of injury and damages to Plaintiff. The civil conspiracy alleged herein, and the individual predicate misconduct, wrongful acts and omissions alleged were a substantial factor in bringing about injury and damages to Plaintiff, and without such civil conspiracy alleged herein, and the individual predicate misconduct, wrongful acts and omissions alleged, the injury and damages would not have occurred.  Moreover, a person of ordinary intelligence would have foreseen that the damages alleged herein might result from the civil conspiracy alleged herein, and the individual predicate misconduct, wrongful acts and omissions alleged.

7.5     As co-conspirators, Defendants are jointly and severally liable as amongst themselves for their intentional torts as further alleged herein.

## VIII. PROMOTER LIABILITY

8.1     Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

8.2   Plaintiff specifically alleges that to the extent an entity Defendant was not properly incorporated or formed prior to its actions, the Defendants in this case are liable under a promoter liability theory.

## IX. JOINT ENTERPRISE

9.1   Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

9.2   Plaintiff specifically alleges that all Defendants were engaged in a joint enterprise such that all Defendants had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing an equal right to direct and control the enterprise.

9.3   Therefore, under Texas law, each Defendant is individually liable for the acts and omissions of each other Defendant in carrying out the enterprise.

## X. AGENCY

10.1   Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

10.2   Pleading in the alternative, Plaintiff specifically pleads that each of the above-named Defendants was engaged in a principal-agent or master-servant relationship with the other Defendants such that each Defendant is vicariously liable for the acts or omissions of the other Defendant.

## XI. PIERCING THE CORPORATE VEIL – SHAMS TO PERPETRATE FRAUD

11.1   Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

11.2   Plaintiff alleges and contends that Waller is vicariously liable for the acts and omissions of the entities for which he is an officer, director, shareholder, or manager. Each of the respective entities or corporate forms (a) was used as a sham to perpetrate a fraud upon Plaintiff; and/or (b) was organized and operated as a mere tool or business conduit of another (alter ego); and/or (c) was used to evade an existing legal obligation; and/or (d) was used to protect against discovery of a crime or to justify a wrong; and/or (e) the entity was so severely underinsured or underfunded that it committed an actual fraud on Plaintiff; and/or (f) Waller used the entity or corporate form for purposes of perpetrating an actual fraud on Plaintiff and did so primarily for their direct personal benefit.

11.3   Plaintiff alleges and contends that Greenwalt is vicariously liable for the acts and omissions of the entities for which he is an officer, director, shareholder, or manager. Each of the respective entities or corporate forms (a) was used as a sham to perpetrate a fraud upon Plaintiff; and/or (b) was organized and operated as a mere tool or business conduit of another (alter ego); and/or (c) was used to evade an existing legal obligation; and/or (d) was used to protect against discovery of a crime or to justify a wrong; and/or (e) the entity was so severely underinsured or underfunded that it committed an actual fraud on Plaintiff; and/or

(f) Greenwalt used the entity or corporate form for purposes of perpetrating an actual fraud on Plaintiff and did so primarily for their direct personal benefit.

11.4    With respect to the above allegations of alter ego, Plaintiff specifically contends and pleads that Waller and Greenwalt had a financial interest in and ownership and control over the entities in question, and that there was such unity between the entities in question and the individual Defendants that the separateness of each and all of the entities ceased, and that Texas law would therefore disregard any and all purported separateness.

## XII. CONDITIONS PRECEDENT

12.1    All conditions precedent, if any, to the claims and causes of action alleged herein have been met, waived or excused.

## XIII. EXCEPTIONS TO LIMITATIONS ON EXEMPLARY DAMAGES

13.1    Plaintiff adopts and incorporates by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

13.2    Texas Civil Practice and Remedies Code Sections 41.008(c)(9), (10), and (11) are applicable to all causes of action alleged herein based upon the various legal theories of fraud alleged herein (fraud, including fraudulent inducement, fraud by nondisclosure, and statutory fraud).

## XIV. DAMAGES

14.1    Damages and remedies sought by Plaintiff for its causes of action include the following:

Plaintiff's Original Petition
Page 17

(a)    actual damages;

(b)    direct damages;

(c)    consequential damages;

(d)    economic damages;

(e)    expectancy damages;

(f)    out-of-pocket expenses or damages;

(g)    reliance damages;

(h)    lost profits;

(j)    restitution damages;

(k)    unjust enrichment damages;

(l)    exemplary damages;

(r)    reasonable and equitable attorney fees;

(s)    prejudgment and post judgment interest;

(t)    court costs; and

(u)    that Plaintiff be awarded and granted all other and further relief to which it may be justly entitled.

## XV.  JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket. In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

Plaintiff prays for a trial before a jury of his peers, a judgment against the defendants, jointly and severally, for actual and exemplary damages, prejudgment and post judgment interest, attorneys fees, costs, and all other and further relief, at law, or in equity, to which Plaintiff may be reasonably entitled.

Respectfully submitted,

By:    /s/ Stuart R. White
       **Roger S. Braugh, Jr.**
       State Bar No. 00796244
       rbraugh@swbtrial.com
       **Stuart R. White**
       State Bar No. 24075268
       swhite@swbtrial.com
       900 Frost Bank Plaza
       802 N. Carancahua
       Corpus Christi, Texas 78401
       Telephone: 361-653-3300
       Facsimile: 361-653-3333

       SICO, WHITE, HOELSCHER & BRAUGH L.L.P

       **Shelby A. Jordan**
       State Bar No. 11016700
       **Harlin C. Womble**
       Texas Bar No. 21880300
       **Antonio Ortiz**
       State Bar No. 24074839
       500 North Shoreline Drive, Suite 900
       Corpus Christi, TX 78401
       Telephone:    361-884-5678
       Facsimile:    361-888-5555

       JORDAN, HYDEN, WOMBLE, CULBREATH & HOLZER PC

       **ATTORNEYS FOR PLAINTIFF**

Plaintiff's Original Petition
Page 19

CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW
NUECES COUNTY DISTRICT CLERK
PATSY PEREZ



Thereby certified on

The above and foregoing is a true and
correct copy as the same appears on
file and/or recorded in the appropriate
records of Nueces County Texas.
COUNTY OF NUECES
STATE OF TEXAS

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 2013 CCV-60115-2    COURT (FOR CLERK USE ONLY): 2

STYLED  Canyon Supply & Logistics, LLC v. Max Financial, LLC, et al

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Stuart R. White | Email:<br>swhite@swbtrial.com | Plaintiff(s)/Petitioner(s):<br>Canyon Supply &<br>Logistics, LLC | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>802 N. Carancahua, Ste. 900 | Telephone:<br>361-653-3300 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Corpus Christi, TX 78401 | Fax:<br>361-653-3333 | Defendant(s)/Respondent(s):<br>Max Financial, LLC<br>Waller Marine, Inc.<br>Diversity Max, LLC | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: | State Bar No:<br>24075268 | [Attach additional page as necessary to list all parties] | |

| Indicate case type, or identify the most important issue in the case (select only 1): | | | | |
|---|---|---|---|---|
| **Civil** | | | **Family Law** | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☒Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void-<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | | | *Parent-Child Relationship*<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | *Related to Criminal Matters*<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | *Other Family Law*<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | *Parent-Child Relationship*<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| *Employment*<br>☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | *Other Civil*<br>☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | | | **Probate & Mental Health** | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | |

| Indicate procedure or remedy, if applicable (may select more than 1): | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

CAUSE NO. 2013 CCV-60115-2

| | | |
|---|---|---|
| CANYON SUPPLY & LOGISTICS, LLCs | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff | § | |
| VS. | § | AT LAW NO. 2 |
| | § | |
| MAX FINANCIAL, LLC, in its assumed | § | |
| or common name; WALLER MARINE, | § | |
| INC. in its assumed or common name; | § | |
| DIVERSITY MAX, LLC, in its assumed | § | |
| or common name; DIVERSITY MAX | § | |
| CANYON PORT, LLC, in its assumed or | § | |
| Common name; DIVERSITY MAX CP | § | |
| HOLDINGS, LLC, in its assumed or | § | |
| common name; JEFFREY GREENWALT; | § | |
| and, DAVID WALLER; | § | |
| | § | |
| Defendants. | § | NUECES COUNTY, TEXAS |

## DEFENDANTS' WALLER MARINE, INC., WALLER MAX GAS, LLC, AND DAVID WALLER ORIGINAL ANSWER, VERIFIED DENIAL AND SPECIAL EXCEPTIONS

Defendants Waller Marine, Inc., Waller Max Gas, LLC, and David Waller ("Defendants") file this Original Answer, Verified Denial and Special Exceptions to Plaintiff's Original Petition and would show as follows:

### GENERAL DENIAL

1.    Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants deny each and every, all and singular, the material allegations in Plaintiff's Original Petition and demand strict proof thereof in accordance with the laws and Constitution of the State of Texas.

### AFFIRMATIVE DEFENSES

2.    Plaintiff's claims are barred by the statute of frauds.

3.    Plaintiff's claims are barred by the absence of any confidential relationship or fiduciary duty owed by Defendants to Plaintiff.

4.    Plaintiff's claims are barred by the doctrine of estoppel.

5.    Plaintiff's claims are barred by failure of consideration.

6.    Plaintiff's claims are barred by laches.

7.    Texas Civil Practice and Remedies Code § 41 et seq. limits Plaintiff's claims for exemplary damages.

## DENIAL OF CONDITIONS PRECEDENT

8.    Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the enforcement of any alleged agreement to provide funding for the purchase of the Naval Air Station Ingleside in Corpus Christi, Texas. Defendants specifically deny that any written contract was executed by Plaintiff and the Defendants. Defendants also specifically deny that they failed to provide funding to Plaintiff in accordance with the terms of this alleged written contract.

## VERIFIED DENIAL

9.    By way of further answer and without waiving any of the foregoing, to the extent that any of Plaintiff's claims allege the existence of a partnership amongst any of the Defendants, Defendants assert pursuant to Rule 93(5) of the Texas Rules of Civil Procedure a denial of the partnership as alleged by Plaintiff.

## SPECIAL EXCEPTIONS

10.    Defendants assert the following special exceptions to Plaintiff's Original Petition. Texas follows a "fair notice" standard for pleadings, which means that the pleader must plead sufficient facts to give adequate and fair notice to the opposing party. *Horizon v. Auld,* 34 S.W. 3d 887, 896 (Tex. 2000).

**Special Exception No. 1:** Defendants specially except to Plaintiff's vague and ambiguous damage allegation requesting "all other and further relief, at law, or in equity, to

which Plaintiff may be reasonably entitled." Plaintiff's broad and undefined reference to "equity" does not provide Defendants with fair warning as to the possible claims against them. Defendants request that Plaintiff specifically describe the equitable relief it is pursuing.

**Special Exception No. 2:** Defendants specially except to Plaintiff's claims for undefined monetary damages. Texas law requires Plaintiff to specify the maximum amount of damaged claimed upon special exception. Tex. R. Civ. Proc. 47. In light of the claims asserted, Defendants request that Plaintiff amend its Original Petition to specify the maximum amount of damages sought.

**Special Exception No. 3:** Defendants specially except to Plaintiff's prayer for relief because Plaintiff has failed to present a statute that it contends provides the right to recover attorney's fees. Defendants request that Plaintiff specify the statute or statutes that provide the possibility of attorneys' fees recovery.

**Special Exception No. 4:** Defendants specially except to Plaintiff's claim for Fraud by Nondisclosure and Fraudulent Inducement. Plaintiff's vague and general allegations fail to provide fair notice of any fiduciary duty, special relationship or other obligation requiring any Defendant to disclose information to Plaintiff. These allegations also fail to provide fair notice of what representations made by Defendants were misleading.

**PRAYER**

ACCORDINGLY, Defendants respectfully pray that Plaintiff take nothing by way of this lawsuit, that Defendants be discharged without liability, and for all other relief to which Defendants may be entitled.

Respectfully submitted,

*/s/ Michael J. Mazzone*_____
Michael J. Mazzone
State Bar No. 13313000
Varant Yegparian
State Bar No. 24070893
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2115
Facsimile: (713) 236-5662

James R. Harris
State Bar No. 09066000
Andrew M. Greenwell
State Bar No. 00784170
HARRIS & GREENWELL
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2800-S
Corpus Christi, Texas 78401

ATTORNEY      FOR      DEFENDANTS
WALLER    MARINE,    INC.,    WALLER
MAX GAS, LLC AND DAVID WALLER

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on the following attorneys of record in accordance with the Texas Rules of Civil Procedure on March 1, 2013

Roger S. Braugh, Jr.
State Bar No. 00796244
Stuart R. White
State Bar No. 24075268
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Telephone: 361-653-3300
Facsimile: 361-653-3333

Shelby A. Jordan
State Bar. No. 11016700
Harlin C. Womble
Texas Bar No. 21880300
Antonio Ortiz
State Bar No. 24074839
500 North Shoreline Dr., Suite 900
Corpus Christi, Texas 78401
Telephone:  361-884-5678
Facsimile:  361-888-5555

/s/ Varant Yegparian_____
Varant Yegparian

## **VERIFICATION**

State of Texas          §
                        §
County of Harris        §


     Before me, the undersigned authority, on this day personally appeared David Waller, who being by me first duly sworn did state:

     "My name is David Waller. I am over the age eighteen (18) years old.  I am a Defendant in this action.  I have reviewed and have personal knowledge of the facts stated in Paragraphs 8 and 9 of Defendants' Original Answer, Verified Denial and Special Exceptions and they are true and correct."


                                               _____
                                              David Waller


SUBSCRIBED TO AND SWORN TO BEFORE ME on the ___ day of March, 2013, to certify which witness my hand and seal of office.


                                               _____
                                             Notary Public in and for
                                             THE STATE OF TEXAS

STATE OF **TEXAS**
COUNTY OF **NUECES**

The above and foregoing is a true and
correct copy as the same appears on
file and/or recorded in the appropriate
records of Nueces County Texas

I hereby certified on _____ 5/8/13

PATSY PEREZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW

Filed
13 March 8 P1:56
Patsy Perez
District Clerk
Nueces District

CAUSE NO. 2013 CCV-60115-2

| | | |
|---|---|---|
| CANYON SUPPLY & LOGISTICS, LLCs | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff | § | |
| VS. | § | |
| | § | |
| MAX FINANCIAL, LLC, in its assumed | § | |
| or common name; WALLER MARINE, | § | AT LAW NO. 2 |
| INC. in its assumed or common name; | § | |
| DIVERSITY MAX, LLC, in its assumed | § | |
| or common name; DIVERSITY MAX | § | |
| CANYON PORT, LLC, in its assumed or | § | |
| Common name; DIVERSITY MAX CP | § | |
| HOLDINGS, LLC, in its assumed or | § | |
| common name; JEFFREY GREENWALT; | § | NUECES COUNTY, TEXAS |
| and, DAVID WALLER; | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' AMENDED SPECIAL EXCEPTIONS

1.      Pursuant to the Texas Rules of Civil Procedure, Defendants Waller Marine, Inc., Waller Max Gas, LLC, and David Waller ("Defendants") file their Amended Special Exceptions and would show the Court as Follows:

## SPECIAL EXCEPTIONS

2.      Defendants assert the following special exceptions to Plaintiff's Original Petition ("Petition"):

**Special Exception No. 1:**      Defendants specially except to Plaintiff's vague and ambiguous damage allegation requesting "all other and further relief, at law, or in equity, to which Plaintiff may be reasonably entitled." Plaintiff's broad and undefined reference to "equity" does not provide Defendants with fair warning as to the possible claims against them. Plaintiff's pleadings therefore fail to provide the fair notice required by the Texas Rules of Civil Procedure and it should be ordered to replead the equitable relief it seeks with specificity. *Horizon v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000).

**Special Exception No. 2:** Defendants specially except to Plaintiff's claims for undefined monetary damages. Texas law requires Plaintiff to specify the maximum amount of damages claimed upon special exception. Tex. R. Civ. P. 47. Plaintiff's pleadings therefore fail to provide the fair notice required by the Texas Rules of Civil Procedure and it should be ordered to replead the maximum amount of damages sought with specificity. *Id.*

**Special Exception No. 3:** Defendants specially except to Plaintiff's prayer for relief because Plaintiff has failed to present a statute that provides the right to recover attorney's fees. Plaintiff's pleadings therefore fail to provide the fair notice required by the Texas Rules of Civil Procedure and it should be ordered to replead with specificity the statute or statutes that provide the right to recover attorneys' fees. *Id.*

**Special Exception No. 4:** Defendants specially except to Plaintiff's claim for civil conspiracy in Section VII of the Petition because it does not allege a valid "overt" act. To sustain a claim for civil conspiracy, Plaintiff must illustrate that at least one member of the alleged conspiracy committed an unlawful, overt act to further the object or course of action. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). The Petition fails to specifically state what this "overt act" was, the party committing it and how it furthered the conspiracy's objective(s). Plaintiff also fails to plead the conspiracy's members with any specificity, relying instead on vague references to Defendants *en masse*. Plaintiff's pleadings therefore fail to provide the fair notice required by the Texas Rules of Civil Procedure and it should be ordered to replead the particulars surrounding the "overt act" and the conspiracy's members. *Id.*

**Special Exception No. 5:** Defendants specially except to Plaintiff's fraud claims in Paragraphs 5.5 – 5.17 of the Petition. Plaintiff's fraud claims fail to specify facts supportive of each respective claim, do not provide Defendants with fair notice of Plaintiff's claims and fail to satisfy the Texas Rules of Civil Procedure.

2

Plaintiff's common law fraud claims as pled are insufficient. Plaintiff fails to specify which Defendants made the "material false representations and misrepresentations" that underlay its fraud claim. Plaintiff also fails to specify any fact(s) showing that the alleged representations and misrepresentations were made knowingly. Finally, Plaintiff fails to specify any facts showing that the alleged representations and misrepresentations were intentionally made. Therefore, Plaintiff's allegations fail to plead fraud with any particularity, fail to provide Defendants with fair notice and fail to satisfy Texas's pleading standards. *See San Saba Energy, LP v. Crawford,* 171 S.W.3d 323, 336 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating that claims of fraud must be pled with particularity).

Plaintiff's allegations of Fraud by Nondisclosure and Fraudulent Inducement are similarly insufficient. Plaintiff fails to specify the particulars of (1) which Defendant's (2) "course of action, conduct, acts, and omissions" (3) concealed from or failed to disclose to Plaintiff (4) material facts. Plaintiff also fails to specify a single fact concerning Defendant's knowledge and state of mind with regard to the alleged nondisclosure. Additionally, Plaintiff fails to plead with any particularity facts showing the existence of a fiduciary duty, special relationship or other obligation requiring Defendants to disclose information to Plaintiff. Furthermore, the heading of subsection C is "Fraud by Nondisclosure and Fraudulent Inducement," yet in the body of the associated subsection, Plaintiff alleges a claim for Fraud by Nondisclosure. Fraudulent Inducement and Fraud by Nondisclosure are two separate causes of action with distinct elements associated with each. Plaintiff may not allege one claim as the header to a fact pattern that is supposed to support a wholly separate cause of action. Therefore, Plaintiff's allegations fail to plead fraud with any particularity, fail to provide Defendants with fair notice and fail to satisfy Texas's pleading standards. *Id.*

3

Finally, Plaintiff's statutory fraud allegations are similarly defective. Plaintiff fails to allege with any semblance of particularity (1) the "transactions in question:" (2) the alleged "acts, omissions, conduct and misconduct" forming the basis of Plaintiff's injury; (3) the material false misrepresentations, false promises, or the non-disclosed material representations that were false. Furthermore, the Petition fails to specify which Defendant sold or conveyed real property to Plaintiff and therefore fails to state a claim upon which relief can be granted. *Windsor Village, Ltd. V. Stewart Title Ins. Co.,* No. 14-09-00721-CV, 2011 WL 61848 (Tex. App.—Houston [14th Dist.] 2011, no pet. h.) "(For fraud in a transaction to be actionable under section 27.01, the contract must actually effect the conveyance of real estate between the parties."). Therefore, Plaintiff's statutory fraud allegations are not pled with the requisite particularity, fail to provide Defendants with fair notice and fail to satisfy Texas's pleading standards. *Id.*

Plaintiff should be ordered to replead its common law fraud, fraud by nondisclosure and statutory fraud claims to contain the specificity required by the Texas Rules of Civil Procedure. Furthermore, Plaintiff should also be ordered to replead to remove its claim of Fraudulent Inducement.

**Special Exception No. 6:**     Defendants specially except to Section XI of the Petition concerning "Piercing the Corporate Veil—Shams to Perpetuate Fraud." Specifically, Plaintiff fails to allege which entities or corporate forms were used as a sham; how these entities were used as tools of another; how they were used to evade existing legal obligations; how they were used to prevent discovery of a crime or wrong; which entities were underinsured or underfunded; fails to specify how Waller wrought an actual fraud on Plaintiff; and how this fraud benefited Waller individually. Section XI of the Petition is thus too indefinite to provide fair notice to Defendants and therefore fails the Texas Rules of Civil Procedure's pleading requirements.

*Horizon,* 34 S.W.3d at 896. Therefore, Plaintiff should be ordered to replead to with specificity the entities or corporate forms at issue, how these entities or corporate forms were manipulated and the actual fraud on Plaintiff done for the direct benefit of Waller.

**Special Exception No. 7:**    Defendants specially except to Plaintiff's failure to specify and differentiate the acts allegedly committed by each and every Defendant. The Petition is replete with broad and ambiguous references to acts committed by "Defendants" *en masse*. The Petition lumps all Defendants together and describes their conduct collectively rather than identifying which specific Defendant committed the alleged wrongful acts. The Petition thus fails to provide the requisite particularity because Defendants cannot ascertain which Defendant committed the acts alleged by Plaintiff. Therefore, the Petition fails to satisfy the Texas Rules of Civil Procedure's pleading requirements and Plaintiff should be ordered to replead to reference, with particularity, the specific entity behind each and every one of the wrongful acts described in the Petition.

**Special Exception No. 8:** Defendants specially except to Plaintiff's Cause of Action for Breach of Contract. The Petition fails to state a legally cognizable claim for breach of contract because it does not attach or specifically refer to the specific contract underlying Plaintiff's claim. Nor does the Petition specify which contractual terms were allegedly breached. Defendants have no way in knowing which agreement and the correlative terms serve as the basis for Plaintiff's cause of action and therefore do not have fair notice of the breach of contract claim. *Id.* Therefore, Plaintiff should be ordered to replead with specificity the contract that serves as the basis for its breach of contract claim and the contractual terms allegedly breached by Defendants.