UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CANYON SUPPLY & LOGISTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00066 |
| | § | |
| MAX FINANCIAL, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 11). Plaintiff has sued the Defendants in connection with the failure to provide promised funding for a commercial development on waterfront property that was formerly a part of Naval Air Station Ingleside. Defendants Waller Marine, Inc., Waller Max Gas, LLC, and David Waller (the Waller Defendants) removed the case to this Court on the bases of: (1) diversity jurisdiction after disregarding non-diverse defendants under improper joinder principles (28 U.S.C. § 1332); and (2) bankruptcy-related jurisdiction (28 U.S.C. § 1334). For the reasons set out below, the bases for removal are rejected and the Motion to Remand (D.E. 11) is GRANTED.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See*

*generally*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The Waller Defendants removed this case without the joinder or consent of any of the other Defendants. Defendants Max Financial, LLC, Diversity Max, LLC, Diversity Max Canyon Port, LLC, and Diversity Max CP Holdings were all served by substituted service on the Texas Secretary of State effectuated in person on February 14, 2013. D.E. 1-4, 7-1. There is no evidence that Defendant Jeffrey Greenwalt has been served to date. The Waller Defendants are all admittedly non-diverse. D.E. 1, p. 4. Without determining the other parties' obligation to consent, the Court observes the unusual posture of this case in which the parties invoking diversity jurisdiction are the very parties who are not entitled to it. This Court agrees with the Eastern District of Louisiana that "a non-diverse defendant who claims to be fraudulently joined may not remove an action to federal court." *Andrews v. AMERCO*, ___ F.Supp.2d ___, 2013 WL 352101, *6 (E.D. La. Jan. 29, 2013). This is consistent with the obligation to construe removal jurisdiction strictly and to avoid acting without subject matter jurisdiction. *Id*.

Even if the Waller Defendants were allowed to assert federal jurisdiction on behalf of Defendants who have not sought it, they have to show that they, themselves, have been improperly joined in the case. The removing party carries a heavy burden when attempting to prove improper joinder. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. As Defendants have not asserted outright fraud, the Court

focuses on the possibility that Plaintiff may establish a cause of action against the individual Defendants who are admittedly non-diverse.

Plaintiff's pleading, in broad and general terms, alleges causes of action against all of the Defendants for:  breach of contract, fraud, fraud by nondisclosure, fraudulent inducement, statutory fraud, aiding and abetting the commission of the torts alleged, civil conspiracy, promoter liability, joint enterprise, and theories for piercing the corporate veils with respect to the subject conduct.  D.E. 1-3.  Defendants' claim of improper joinder is based on two issues: (1) admissions by Plaintiff that it has no contract cause of action against the non-diverse Waller Defendants; and (2) their argument that Plaintiff's specific allegations are only against the diverse Defendants and allegations that merely lump together multiple defendants are insufficient on which to base liability.  D.E. 12, p. 5.

With respect to Defendants' first argument, they have detailed how Plaintiff has admitted to having no contract claims against the non-diverse Waller Defendants.  D.E. 12, pp. 4-5.  Even if true, however, that argument does not dispose of the multiple tort and fraud claims advanced in the pleading.  Thus, the contract-based argument does not compel a finding that the non-diverse Waller Defendants were improperly joined.

With respect to Defendants' second argument, the Court acknowledges that the Plaintiff's pleading is broad, general, and vague and does not meet federal pleading standards. Fed. R. Civ. P. 8, 9; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).  That is not

the same thing, however, as demonstrating that there is no possibility that Plaintiff can establish a cause of action against them.

Specific allegations against one actor, together with allegations such as conspiracy, can support a cause of action against the others.[1] The Waller Defendants have not met their burden to demonstrate that Plaintiff is without a cognizable cause of action against them, making their joinder improper. The Waller Defendants are proper parties and are non-diverse. They have not established that diversity jurisdiction applies.

The Waller Defendants also removed under bankruptcy jurisdiction, 28 U.S.C. § 1334. This action is "related to" the Plaintiff's bankruptcy proceeding, but does not "arise under" or "arise in a case" under that Title 11 proceeding. As Plaintiff's pleading alleges causes of action only under state law, this Court is compelled to abstain under 28 U.S.C. § 1334(c)(2). Alternatively, this Court abstains under 28 U.S.C. § 1334(c)(1).

For these reasons, the Court GRANTS Plaintiff's Motion to Remand (D.E. 11) and REMANDS this action to the County Court at Law No. 2, Nueces County, Texas, the court from which it was removed.

ORDERED this 20th day of May, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Because it is apparent that the liability of the different groups of Defendants do not rise or fall uniformly by the same application of the law, this is not a case to which *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) would apply. Because of the other holdings in this case, the Court declines to reach the question whether the *Smallwood* analysis applies when the differentiated defendants are named, but are not before the court.